UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BENJAMIN T. SHUMATE,

Petitioner,

v.

ROB BONTA,

Respondent.

Case No. 25-cv-10166-JST

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY**

Petitioner, an inmate housed at High Desert State Prison in Susanville, California, has filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Petitioner's request to proceed *in forma pauperis* is granted.  ECF No. 3.

**DISCUSSION**

**A.      Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

**B.      Habeas Petition**

On April 1, 2025, Petitioner was sentenced to a term of thirteen years in state prison for various sex crimes pursuant to a plea agreement in Sonoma County Superior Court.  ECF No. 1 at

1-2. Petitioner appealed this sentence to the state appellate court and the appeal is still pending. ECF No. 1 at 2. Petitioner filed a state habeas petition in Sonoma County Superior Court, alleging legal mail tampering, religious discrimination, retaliation, confinement violations, and a denial of his rights under Title 15. Petitioner received a "prima facie denial" of his petition on April 8, 2025. Petitioner filed a civil rights action in this district that raised the same claims as his state habeas petition. ECF No. 1 at 3-4; *Shumate v. Engram, et al.*, C No. 24-cv-6901 CRB ("*Shumate I*").

The habeas petition presents two claims. First, Petitioner alleges that Sonoma County Main Adult Detention Facility staff prevented him from receiving a fair trial when, from September 13, 2024 to February 25, 2025, they opened, read, and tampered with ten pieces of incoming legal mail and failed to mail out over five pieces of outgoing legal mail. Petitioner alleges that this interference with his legal mail violated the First, Fifth, Sixth, and Fourteenth Amendments. Second, Petitioner alleges that the state court judges who denied his state habeas petition committed judicial misconduct when they denied his 400-page habeas petition "for prima facie reason in violation of Cal. Rules. of Ct. Rule 4.35(h)(2)" and did not address the ten grounds for relief that he presented. ECF No. 1 at 5, 7-9.

## C.    Dismissal

The Court DENIES the petition for a writ of habeas corpus for the following reasons.

As an initial matter, it appears that Petitioner has not exhausted his state judicial remedies for these claims. Petitioner reports that he has only presented these claims to the Sonoma County Superior Court. ECF No. 1 at 2-4. 28 U.S.C. § 2254(b) requires a habeas petitioner to first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). A federal district court may not grant the writ unless state court remedies are exhausted, or there is "an absence of available state corrective process," or such process has been "rendered ineffective." *See* 28 U.S.C. § 2254(b)(1)(A)-(B). Petitioner does not report having presented these claims to the California Supreme Court.

United States District Court
Northern District of California

2

Even if Petitioner had exhausted his state judicial remedies for these claims, however, these claims fail to state a claim for federal habeas relief.

Petitioner's first claim for habeas relief – mail tampering – is precluded by his guilty plea because the claim alleges deprivation of his constitutional rights prior to his guilty plea. A defendant who pleads guilty cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before the guilty plea. *See Haring v. Prosise*, 462 U.S. 306, 319-20 (1983) (guilty plea forecloses consideration of pre-plea constitutional deprivations); *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973) (same); *see, e.g., United States v. Jackson*, 697 F.3d 1141, 1144 (9th Cir. 2012) (by pleading guilty defendant waived right to challenge pre-plea violation of Speedy Trial Act); *Moran v. Godinez*, 57 F.3d 690, 700 (9th Cir. 1994) (refusing to consider contention that petitioner's attorneys were ineffective because they failed to attempt to prevent use of confession as pre-plea constitutional violation). The Court therefore dismisses the first claim with prejudice.[1]

Petitioner's second claim does not allege that his custody violates the federal Constitution or federal law. Rather, the second claim alleges that the state court violated state law.[2] Federal habeas relief is unavailable for violations of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). In addition, this claim is barred by the *Rooker-Feldman* doctrine. Pursuant to the *Rooker-*

---

[1] This claim is duplicative of claims raised in *Shumate I*. In that case, Petitioner also alleged that, while housed at Sonoma County Jail, between March 2024 and February 2025, unidentified mailroom staff (1) impacted his ability to confer with his criminal defense attorney by opening and tampering with his mail and (2) denied him access to the courts by losing two legal mail envelopes that were on their way to state superior court. *Shumate I*, ECF Nos. 14, 21. Duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey*, 846 F.2d at 1021.

[2] To the extent that Petitioner is seeking to challenge his custody on the grounds raised in his state habeas petition, the state habeas petition challenges his conditions of confinement and not the validity of his custody. Petitioner cannot raise these claims in a federal habeas petition because a successful challenge to his conditions of confinement will not necessarily result in a shorter sentence or release from custody. Petitioner must bring conditions of confinement claims in a civil rights action pursuant to 42 U.S.C. § 1983. *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (quoting *Preiser*, 411 U.S. at 487); *see also Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence").

United States District Court
Northern District of California

*Feldman* doctrine, lower federal courts are without subject matter jurisdiction to review state court decisions. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *Mothershed v. Justices*, 410 F.3d 602, 606 (9th Cir. 2005). The *Rooker-Feldman* doctrine applies even when the state court judgment is not made by the highest state court. *See Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.3 (9th Cir. 1986), when federal constitutional issues are at stake, *see Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995); *Mullins v. Oregon*, 57 F.3d 789, 792 (9th Cir. 1995). State court litigants may only obtain federal review of a state court decision by filing a petition for a writ of certiorari in the Supreme Court of the United States. The *Rooker-Feldman* doctrine essentially bars federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004); *see Skinner v. Switzer*, 562 U.S. 521, 532 (2011). The Court dismisses the second claim for lack of federal habeas jurisdiction and as barred by the *Rooker-Feldman* doctrine. Because amendment would be futile, leave to amend is not granted.

### CERTIFICATE OF APPEALABILITY

The Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is denied.

### CONCLUSION

For the reasons set forth above, the Court dismisses this petition for writ of habeas corpus, and denies a certificate of appealability. Judgment is entered in favor of Respondent and against Petitioner. The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: June 18, 2026

_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

4